## In the Matter of Jay MEISENHELDER, Respondent.

### No. 49S00–0712–DI–580.

Supreme Court of Indiana.

April 29, 2008.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** At all times relevant, Respondent was a married deputy prosecutor in his mid-fifties. Respondent volunteered to help T.C. in a proceeding to retain co-guardianship over her grandson. Prior to this, Respondent had developed a personal and professional relationship with one of T.C.'s daughters ("Doe") through community theatre. Shortly before a contested hearing was scheduled in the guardianship matter, Respondent professed his love for the then 16–year–old Doe orally and by email. Doe gave a copy of the email to her sister, who worked in the prosecutor's office, and after an investigation, the prosecutor's office terminated Respondent's employment. T.C. discharged Respondent and retained new counsel, which caused her delay and additional expense in the guardianship proceeding. Because of extensive news coverage, Doe missed a number of days of school and did not return to the community theatre.

Facts in mitigation are: (1) Respondent has no prior disciplinary history; (2) Respondent was discharged from his employment because of his misconduct; (3) Respondent has expressed remorse and has cooperated with the Commission; and (4) Respondent sought out and completed counseling for his inappropriate behavior.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.7(a)(2): Representing client when the representation would be materially limited by attorney's own self-interest.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties suggest the appropriate sanction is a public reprimand. Respondent clearly violated his professional duties while holding an office of public trust, and in other circumstances, such conduct would warrant a period of suspension. In assessing the agreed sanction, the Court notes the mitigating facts in this case, including the fact that Respondent has already suffered the loss of his' employment as a result of his professional misconduct. In light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases and the apparently isolated nature of Respondent's misconduct, the Court now APPROVES and ORDERS the agreed discipline.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court imposes **a public reprimand.**

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.